1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

ELIBERTO RIOS-LOPEZ,

                    Petitioner,

          v.

TOM BEAUCLAIR,

                    Respondent.

CASE NO. C06-164RJB

ORDER DENYING PETITION
FOR WRIT OF HABEAS
CORPUS

          This matter comes before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. #18).  The Court has considered the pleadings filed in support of and in opposition to the petition and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

          Petitioner Eliberto Rios-Lopez ("Petitioner") was charged with two counts of delivering more than twenty-eight but less than two hundred grams of methamphetamine to a confidential informant and failing to affix illegal drug tax stamps.  The drug charges arose from instances where law enforcement officers used a confidential informant, Jesus Vega, to set up several drug buys from Petitioner in June of 2000.  Some of the conversations between Vega and Rios-Lopez were recorded.  In a jury trial, Petitioner was convicted of several drug charges in the Fifth Judicial District Court, Blaine County, Idaho.

ORDER - 1

1    After conviction, the court entered judgment on the jury's verdicts and imposed an

2 aggregate unified 24-year sentence with 12 years fixed.  Petitioner filed a Rule 35 motion for

3 reduction or correction of sentence, which the trial court denied.

4    On appeal, Petitioner alleged the district court erred by: (1) allowing transcripts of a

5 flawed audio-recording of a drug transaction into evidence; (2) giving an excessive sentence; and

6 (3) refusing to rule on a Rule 35 motion due to lack of jurisdiction.  The Idaho Court of Appeals

7 affirmed Petitioner's convictions and sentences.  Petitioner then filed a petition for review with the

8 Idaho Supreme Court, which was denied.  The Remittitur, which signifies that the judgment or

9 decision of an Idaho court has become final, was issued on November 20, 2003.

10    In April 2003, Petitioner filed a Petition for Post Conviction Relief in state court,

11 presenting seven claims.  After the state filed an answer, Petitioner filed an amended petition

12 adding new claims.  The state filed a Motion for Summary Disposition, which the state district

13 court granted.  Petitioner appealed from that order.  The Idaho Court of Appeals affirmed the

14 district court's order summarily dismissing the post-conviction petition, and a Remittitur was

15 issued on April 22, 2005.

16    In the successive post-conviction petition which Petitioner filed in state court in November

17 2004, he raised approximately ten claims alleging ineffective assistance of his appellate counsel,

18 and one claim of ineffectiveness by his state post-conviction counsel.  The state filed an answer

19 and a Motion to Dismiss, and the state district court subsequently issued an Order Granting

20 Summary Disposition.  Petitioner then filed an appeal from that order, in which he raised only one

21 issue: whether the district court erred in denying his motion for new counsel without providing

22 him with any notice of the hearing or an opportunity to be heard.

23    In April 2006, Petitioner filed a federal Petition for Writ of Habeas Corpus in which he

24 asserted four constitutional claims.  After receiving Petitioner's federal habeas case, the state

25 learned of Petitioner's then-pending appeal from the order granting summary dismissal of his

26 successive post-conviction petition.  On July 25, 2006, the state filed a motion for dismissal

27 without prejudice, or alternatively, to stay the habeas proceedings, in order to allow completion of

28

1  Petitioner's appeal of the dismissal of his successive post-conviction petition.  On October 27,

2  2006, the United States District Court for the District of Idaho denied the motion to dismiss, but

3  granted a stay of these proceedings and ordered the parties to notify it within 30 days of the

4  completion of Petitioner's state court matter to request that the stay in this case be lifted.

5        The Idaho Court of Appeals affirmed the district court's order summarily dismissing

6  Petitioner's successive post-conviction petition.  Petitioner then filed a petition for review to the

7  Idaho Supreme Court, which was denied on June 26, 2007.  A Remittitur was issued on June 28,

8  2007.

9        In July of 2007, Petitioner and Respondent filed separate notices with the United States

10  District Court for the District of Idaho that Petitioner's state court proceedings were completed.

11  The court responded by lifting the stay of proceedings and setting a briefing schedule.  Pursuant

12  to the court's order, Petitioner filed an Amended Petition for Writ of Habeas Corpus in which he

13  raised five claims.  The first four claims consisted of the same four claims that Petitioner raised in

14  his initial habeas petition, and his new fifth claim alleged due process violations when the state

15  district court denied his motion for new counsel on his successive post-conviction petition.

16  **II. DISCUSSION**

17  **A.   STANDARD OF LAW FOR SUMMARY DISMISSAL**

18        Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show

19  that they are held in custody under a state court judgment and that such custody violates the

20  Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  This Court is

21  required to review a habeas corpus petition upon receipt to determine whether it is subject to

22  summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is

23  appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it

24  that the petitioner is not entitled to relief in the district court."  *Id.*

25  **B.   EXHAUSTION AND PROCEDURAL DEFAULT**

26        Habeas corpus law requires that a petitioner "exhaust" his state court remedies before

27  pursuing a claim in a federal habeas petition.  28 U.S.C. § 2254(b).  To exhaust a claim, a habeas

28

1   petitioner must fairly present it to the highest state court for review in the manner prescribed by

2   state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has

3   exhausted his state court remedies relative to a particular claim, a federal district court cannot

4   grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. §

5   2254(b)(2).

6        State remedies are considered technically exhausted, but not *properly* exhausted, if a

7   petitioner failed to pursue a federal claim in state court and there are no remedies now available.

8   *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly

9   exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the

10  claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501

11  U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered "procedurally

12  defaulted."  *Id*. at 731.

13  **C.    CAUSE AND PREJUDICE OR MISCARRIAGE OF JUSTICE EXCEPTIONS**

14
15      If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the

    merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal
16
    cause for the default and prejudice arising from the default; or a showing of actual innocence,
17
    which means that a miscarriage of justice will occur if the claim is not heard in federal court.  *See*
18
    *Murray v. Carrier*, 477 U.S. 478, 488 (1986);  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).
19
20      To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that

21  some objective factor external to the defense impeded his or his counsel's efforts to comply with

    the state procedural rule at issue.  *Murray*, 477 U.S. at 488.  To show "prejudice," a petitioner
22
    bears "the burden of showing not merely that the errors [in his proceeding] constituted a
23
    possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting
24
    his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S.
25
    152, 170 (1982).
26
27      If a petitioner cannot show cause and prejudice for his procedural default, he can still

28  bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will

1  result in a "fundamental miscarriage of justice," which means that a constitutional violation has

2  probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at

3  496.  Application of the fundamental miscarriage of justice exception "makes clear that a claim of

4  'actual innocence' is not itself a constitutional claim, but instead a gateway through which a

5  habeas petitioner must pass in order to have his otherwise barred constitutional claim considered

6  on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

7       To establish actual innocence, a petition must demonstrate that, "in light of all the

8  evidence," "it is more likely than not that no reasonable juror would have convicted him."

9  *Schlup*, 513 U.S. at 327-28.  The "actual innocence exception" is triggered when there is evidence

10 of factual innocence coupled with a constitutional violation. *Pitts v. Norris*, 85 F.3d 348, 350

11 (8th Cir. 1996).   Types of evidence "which may establish factual innocence include credible

12 declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy

13 eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Id*. at

14 350-51.

15       **D.     PETITIONER'S FIRST CLAIM**

16       Petitioner's first claim is that his Fifth and Fourteenth Amendment rights were violated

17 when the trial judge admitted a Spanish-to-English transcription of an audio-recorded drug

18 transaction into evidence.  Petitioner alleges that this transcription contained significant inaudible

19 portions and omissions which were so substantial as to render the tape unreliable, which allowed

20 the jury to speculate about the inaudible portions and improperly bolstered the testimony of the

21 confidential informant.

22       However, Petitioner failed to present this claim to the Idaho Supreme Court.  As

23 previously stated, a habeas petitioner must fairly present a claim to the state's highest court for

24 review in order to exhaust that claim. *O'Sullivan*, 526 U.S. at 845.  In his petition for review

25 before the Idaho Supreme Court, Petitioner failed to claim that the admission of the transcription

26 at issue violated his Fifth and Fourteenth Amendment rights.  Therefore, Petitioner's first claim is

27

28

ORDER - 5

1   procedurally defaulted and can only be considered if the Petitioner shows cause and prejudice or a

2   miscarriage of justice.

3       Petitioner advances a number of arguments for why there is sufficient "cause and

4   prejudice" to overcome the procedural default of his first claim.  None of his arguments are

5   persuasive.

6       First, Petitioner suggests that this claim may not have actually been procedurally defaulted

7   because the Idaho Supreme Court may have had notice of the federal nature of the claim.

8   Petitioner relies on the fact that the appellate brief for his appeal from the Idaho District Court's

9   judgment contained a single citation to an *American Law Review* article, which may or may not

10  have cited federal cases.  However, a petitioner is required to present his federal constitutional

11  claim "within the four corners of his appellate briefing."  *Castillo v. McFadden*, 399 F.3d 993,

12  1000 (9th Cir. 2004).  Here, Petitioner argues the Idaho Supreme Court had notice of the federal

13  nature of his claim because he cited to a source which may have cited to another source.  The

14  federal nature of Petitioner's claim was not presented within the four corners of his appellate

15  briefing; therefore, his first claim is indeed procedurally defaulted.

16      Petitioner also argues that he did not have proper legal materials in the prison system to be

17  able to properly exhaust his federal remedies in state court.  However, Petitioner has made no

18  factual allegations that he actually attempted to use the prison legal resource system and was

19  unable to do so. Petitioner also fails to allege that he ever complained to prison officials about the

20  lack of a law library to help him exhaust his state remedies.  Petitioner does not even allege that

21  he had an intention of pursuing his remedies, or that he made any effort whatsoever to do so.

22  Given these circumstances, Petitioner's allegation of lack of access to a law library is too vague to

23  constitute cause or prejudice.  *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994).

24      Next, Petitioner argues that he was "blameless in the matter," because it was his attorney,

25  not him, who failed to explicitly present his first claim to the Idaho Court of Appeals or the Idaho

26  Supreme Court as a federal constitutional claim.  *Petitioner's Response Opposing Motion for*

27

28

1  *Summary Dismissal*, p. 7.  In effect, Petitioner is arguing that the failure to present this claim is
2  the result of ineffective counsel.

3          An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to
4  effective counsel may, under certain circumstances, serve as cause to excuse the procedural
5  defaults of other claims. *Murray*, 477 U.S. at 488.  However, an allegation of ineffective
6  assistance of counsel will serve as cause to excuse the procedural default of other claims *only* if
7  the ineffective assistance claim is, itself, not procedurally defaulted.  *Edwards v. Carpenter*, 529
8  U.S. 446, 454 (2000).  In other words, before a federal court can consider ineffective assistance
9  of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must
10 have presented the ineffective assistance claim in a procedurally proper manner to the state courts,
11 such as in a post-conviction relief petition.

12         Here, Petitioner has failed to present any of the alleged errors of his counsel to the Idaho
13 Supreme Court in a procedurally proper manner.  Therefore, his claimed attorney error cannot
14 serve as cause for the default of his claims.

15         Additionally, Petitioner stresses that he does not speak very good English, and that he
16 relied on other inmates to help him write letters to counsel.  Petitioner argues that his ignorance of
17 the word "federalize" and his inability to explain this concept to his counsel is adequate cause to
18 overcome the procedural default of his claim.
19
20         However, "cause" is defined as something external to the petitioner: "the existence of
21 cause for a procedural default must ordinarily turn on whether the prisoner can show that some
22 objective factor external to the defense impeded counsel's efforts."  *Coleman*, 501 U.S. at 753
23 (quoting *Murray*, 477 U.S. at 488).  Moreover, illiteracy and a petitioner's mental deficiencies
24 have been found not to be "external impediments preventing counsel from constructing or raising
25 the claim." *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908-09 (9th Cir. 1986).  By
26 extension of that reasoning, a petitioner's lack of familiarity with a language and inability to
27

28

explain legal concepts does not rise to the level of an "objective factor external to the defense." Therefore, Petitioner has failed to show cause on this ground.

Finally, Petitioner invites the Court to speculate as to what may have happened had his attorney agreed to meet with him in September 2002. Petitioner claims that had his attorney agreed to a meeting, then Petitioner would have explained his intention that his claims be presented in such a way as to be preserved for federal review. However, Petitioner provides no evidence of such an intention at that time; instead he merely points to a letter written by another inmate on his behalf stating "Mr. Rios-Lopez would very much like to meet with you in person to discuss his case, he indicates there are many issues he wants to make you aware of that may not be discovered from the case transcript." *Petitioner's Response Opposing Motion for Summary Dismissal*, Exhibit A. Nowhere in this letter does Petitioner show any evidence of his intent to preserve his claims for federal review. This Court will not speculate as to what Petitioner may have said had such a meeting occurred. This argument is insufficient to establish cause for the procedural default of Petitioner's first claim.

Because the Petitioner has failed to show cause to overcome the procedural default of his first claim, there is no need to examine the issue of "prejudice." Moreover, no analysis of the miscarriage of justice exception is required because Petitioner makes no claim of "actual innocence." Petitioner's first claim should be dismissed.

### E.   PETITIONER'S SECOND CLAIM

Petitioner's second claim is that his Sixth Amendment right to a trial by a jury of his peers was violated because there were no persons with Hispanic surnames in the list of 90 potential jurors. Although Petitioner raised this issue as a federal claim in a post-conviction petition, and later on appeal to the Idaho Court of Appeals, he failed to bring this claim before the

Supreme Court of Idaho.  Because Petitioner did not present this claim to the highest state court, Petitioner's second claim is also procedurally defaulted.

As discussed above, in order to overcome a procedurally defaulted claim, a petitioner must show both cause and prejudice.  Here, Petitioner argues that "'cause' for any procedural default regarding this claim rests squarely with Petitioner's former attorneys."  *Petitioner's Response Opposing Motion for Summary Dismissal*, p. 12.  To illustrate, Petitioner asserts "post-conviction appellate counsel, recognizing the futility of proceeding further, failed to file a petition for review with the Idaho Supreme Court." *Id*.

The "post-conviction appellate counsel" referred to did present Petitioner's second claim to the Idaho Court of Appeals. After losing that appeal, Petitioner's attorney wrote a letter explaining "I do not see any realistic chance of getting your conviction overturned by either the Court of Appeals or the Supreme Court at this point. Therefore, I will not be doing anything further in your case." *Id*., Exhibit C.  This attorney also informed Petitioner that he could ask the Idaho Supreme Court to review the case, and informed him of the deadlines for filing a Petition of Review and a Brief in Support of the Petition for Review.

In arguing that cause for the procedural default of his second claim rests upon his attorneys, Petitioner is essentially making another claim of ineffective counsel.  Specifically, Petitioner is claiming that his attorney's failure to file a Petition for Review with the Idaho Supreme Court, and his failure to explain that filing a Petition for Review was necessary to preserve the federal issue for federal review, constitutes ineffective assistance of counsel.

However, the law is clear that Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).  Therefore,

any shortcoming in the post-conviction performance of counsel cannot serve as cause to excuse the procedural default of Petitioner's other federal claims. *See Coleman*, 501 U.S. at 752 ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

Petitioner has failed to establish cause for the procedural default of his second claim. Absent a show of cause, it is unnecessary to address the issue of prejudice. Additionally, there is no need to conduct a miscarriage of justice analysis because Petitioner is not asserting "actual innocence." Petitioner's second claim should be dismissed.

## F.    PETITIONER'S THIRD CLAIM

In his third claim, Petitioner asserts that his Sixth Amendment right to counsel was violated when (a) counsel failed to develop an argument about the systematic exclusion of Hispanics from the jury pool; and (b) counsel failed to adequately impeach the state's confidential informant. Again, Petitioner's failure to present this claim to the Idaho Supreme Court results in procedural default.

Once more, Petitioner attributes the procedural default of this claim to ineffective counsel. Specifically, Petitioner argues "appellate counsel declined to file a petition for review, so any procedural default regarding the failure to present this issue to the Idaho Supreme Court was caused by ineffectiveness of appellate counsel." *Petitioner's Response Opposing Motion for Summary Dismissal*, p. 15.

Petitioner's ineffective counsel argument for his third claim is as unpersuasive as it was for his second claim. Just as Petitioner has failed to establish cause for the procedural default of his second claim, so has he failed to show cause for the procedural default of his third claim. Once

ORDER - 10

again, no discussion of prejudice or miscarriage of justice is required.  Petitioner's third claim should be dismissed.

### G.    PETITIONER'S FOURTH CLAIM

Petitioner's fourth claim is that his appellate counsel was ineffective on direct appeal by failing to raise the issue of systematic exclusion of Hispanics from the jury pool.  Although Petitioner presented this claim to the Idaho Court of Appeals in his successive post-conviction petition, he failed to include this claim in his petition for review before the Idaho Supreme Court. As a result, Petitioner's fourth claim is also procedurally defaulted.

Again, Petitioner insists that the ineffectiveness of his counsel establishes cause for the procedural default of his fourth claim.  Petitioner's arguments are unconvincing for the reasons set forth in the discussion of Petitioner's second claim.  Accordingly, Petitioner has failed to show cause, and an analysis of prejudice or miscarriage of justice is not necessary.  Petitioner's fourth claim should be dismissed.

### H.    PETITIONER'S FIFTH CLAIM

In his final claim, Petitioner argues that his First, Fourth, Fifth, and Fourteenth Amendment rights were violated when the state district court denied his motion for new counsel during his successive post-conviction petition by failing to provide him with notice of the hearing or an opportunity to be heard.  Additionally, Petitioner is claiming that his First Amendment right to access the courts was violated when the state district court summarily disposed of his successive post-conviction petition.

Petitioner did in fact bring this claim before the Idaho Supreme Court in his petition for direct review.  Therefore, Petitioner's fifth claim is not procedurally defaulted, and the circumstances underlying this claim merit further discussion.

In 2004, Petitioner filed a second Petition for Post-Conviction Relief in the Idaho District Court.  Counsel was appointed to represent Petitioner in this petition, but was later found to have had a conflict of interest.  Accordingly, substitute counsel was appointed.

Apparently, Petitioner's new attorney did not contact Petitioner for several weeks after the appointment, nor did she respond to his letters during this period.  This initial lack of contact prompted Petitioner to file a *pro se* motion for appointment of new counsel and a *pro se* request for a hearing on the motion.  The Idaho District Court denied these motions.

About six weeks later, the Idaho District Court held a hearing on the state's motion for summary disposition of the petition.  During this hearing, Petitioner's counsel revealed that she had failed to make arrangements for Petitioner to be present at the hearing, despite Petitioner's written request to be present.  Additionally, she revealed that she had never spoken with Petitioner, that she had no telephone number for him, and that she had not arranged for him to participate in the hearing via telephone.  The court held the hearing without the Petitioner present, and granted the state's motion for summary disposition.

Petitioner argues that the denial of his motion for substitute counsel without any opportunity to be heard was contrary to case law, was an abuse of discretion, and was a violation of his due process rights under the U.S. Constitution.

However, petitioners have no federal constitutional right to counsel during post-conviction proceedings.  *Coleman*, 501 U.S. at 752.   In *Smith v. Idaho*, 392 F.3d 350, 357 (9th Cir. 2004), the court explained:

> [E]ven if we agree with Smith that the trial court erred as a matter of Idaho law in failing to appoint him counsel during his post-conviction proceedings, Smith cannot obtain habeas relief on that basis. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus.") Smith had no federal constitutional right to counsel during his post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Therefore,

under *Coleman*, Smith cannot establish cause because of the state trial court's failure to appoint him counsel, even if such failure was erroneous as a matter of state law.

Because Petitioner had no right to counsel during his post-conviction proceedings, he had no right to substitute counsel during the post-conviction proceedings.  Without any federal constitutional right to counsel during his post-conviction proceedings, all Petitioner can claim are errors in the application of Idaho law.  However, "alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford*, 110 F.3d at 1389.  Therefore, Petitioner's fifth claim fails to constitute a cognizable federal habeas corpus claim.  Accordingly, Petitioner's fifth claim should be dismissed.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. #18) is **DENIED**, and this matter is dismissed.

DATED this 2nd day of September, 2008.


Robert J. Bryan
United States District Judge

ORDER - 13