UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

ELIBERTO RIOS-LOPEZ,

    Petitioner,

v.

TOM BEAUCLAIR,

    Respondent.

CASE NO. C06-164RJB

ORDER

This matter comes before the Court on Petitioner's Petition for Permission to Appeal Denial of Habeas Corpus (Dkt. 26), and Petitioner's Motion to Stay and Abey Petition for Permission for Certificate of Appealability (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the petition and the motion and the remainder of the file herein.

## I. PROCEDURAL BACKGROUND

On August 20, 2006, Petitioner filed a Petition for Writ of Habeas Corpus. Dkt. 1. After filing his petition for writ of habeas corpus, the state learned that petitioner had a pending appeal from an order granting summary dismissal of a successive post-conviction petition.

On July 25, 2006, the state filed a motion for dismissal without prejudice or, alternatively, to stay the habeas proceedings (Dkt. 11), in order to allow completion of Petitioner's appeal of the dismissal of his successive state post-conviction petition. On October 27, 2006, the Court

ORDER - 1

denied the motion to dismiss, but granted a stay of the habeas corpus proceedings, and ordered the parties to notify the Court within 30 days of the completion of the state court matter and request that the stay be lifted. In July of 2007, both parties filed notices with the Court that Petitioner's state court proceedings were completed (Dkts. 15, 16)**,** and the Court lifted the stay of proceedings and set a briefing schedule.

On November 29, 2007, Petitioner filed an Amended Petition for Writ of Habeas Corpus (Dkt. 18), raising five claims; the first four claims consisting of the same four claims raised in his initial habeas petition, and a new fifth claim alleging "due process violations when the state district court denied Rios-Lopez's motion for new counsel (on his successive post-conviction petition) without giving him any notice of the hearing or an opportunity to be heard, and when the state district court summarily disposed of his successive post-conviction petition." Dkt. 18, at 4 (explanation in original).

On February 21, 2008, the state filed a motion for summary dismissal. Dkt. 20. On March 17, 2008, Petitioner filed Petitioner's Response Opposing Motion for Summary Dismissal. Dkt. 23.

On September 2, 2008, the Court issued an Order Denying Petition for Writ of Habeas Corpus. Dkt. 24. The Court held that Petitioner's first four claims were procedurally defaulted, that Petitioner failed to establish cause and prejudice sufficient to excuse the default, and that Petitioner's fifth claim failed to constitute a cognizable federal habeas corpus claim.

On September 24, 2008, Petitioner filed a Petition for Permission to Appeal Denial of Habeas Corpus. Dkt. 26. The state construed this petition as an application for a certificate of appealability, and filed a Response to Petitioner's Application for Certificate of Appealability on October 14, 2008. Dkt. 27. On October 24, 2008, Petitioner filed a Motion to Stay and Abey Petition for Permission for Certificate of Appealability. Dkt. 28. The state filed its Response to Petitioner's Motion to Stay on November 7, 2008. Dkt. 29. Neither party filed a reply.

ORDER - 2

## II.    DISCUSSION

Petitioner has filed two pleadings related to the denial of his petition for writ of habeas corpus: (1) a Petition for Permission to Appeal Denial of Habeas Corpus (Dkt. 26); and (2) a Motion to Stay and Abey Petition for Permission for Certificate of Appealability (Dkt. 28). Each pleading is ripe for decision and is addressed below.

**A.    PETITION TO APPEAL DENIAL OF HABEAS CORPUS**

Under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), a petitioner may not appeal the final order in a habeas corpus proceeding in which the detention complained of arises out of a state court proceeding or in a proceeding under 28 U.S.C. § 2255 unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. A petitioner must also demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Here, Petitioner has failed to establish that reasonable jurists would find it debatable whether any of his first four claims are procedurally defaulted or whether he established cause and prejudice sufficient to excuse the default. Petitioner has also failed to establish that reasonable jurists could debate whether his fifth claim should have been resolved in a different manner or presented issues deserving further proceedings. Having reviewed the record in this case, the Court finds that Petitioner's first four claims fail as procedurally defaulted, and that Petitioner's fifth claim fails for not constituting a cognizable federal habeas corpus claim. These conclusions

are not debatable among reasonable jurists. Therefore, the Court should decline to issue Petitioner a certificate of appealability.

## B.   MOTION TO STAY AND ABEY PETITION FOR PERMISSION FOR CERTIFICATE OF APPEALABILITY

In his motion, Petitioner asks the Court to stay his application for a certificate of appealability because he has "just recently became aware that there are other federal grounds that need to be added to [his] habeas corpus petition," and he intends "to file those other federal grounds . . . with the district court as soon as possible." Dkt. 28, at 1-2. Petitioner further informs the Court that he intends to pursue "going through all the state processes" on his new federal claims until the state processes have been exhausted, and that if these claims are not corrected by the state, he then wants to "refile a habeas corpus with the U.S. District Court." Dkt. 28, at 2.

It is unclear from Petitioner's motion whether he wants to further amend the Amended Petition for Writ of Habeas Corpus (Dkt. 18) that he filed on November 29, 2007, or if he wants to stay his pending Petition for Permission for Certificate of Appealabilty while he exhausts his recently discovered grounds for habeas relief. To the extent that Petitioner's motion is intended to seek leave to further amend his Amended Petition for Writ of Habeas Corpus, the motion should be denied as untimely.

To the extent that Petitioner is requesting that the Court stay his pending Petition for Permission for Certificate of Appealability, he has failed to explain why his petition should be stayed. In *Rhines v. Weber*, 544 U.S. 260, 277 (2005), the United States Supreme Court concluded that, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." Here, Petitioner has failed to explain the nature of the recently discovered "other federal grounds," and he has failed to explain why he only recently became aware of his additional claims and did not exhaust them in state court. Given Petitioner's absence of explanation, the Court cannot conclude that Petitioner has established good cause for his failure to exhaust the claims in state court. Because Petitioner has failed to show good cause for his failure to exhaust his claims in state court, his

ORDER - 4

motion to stay and abey his petition for permission for certificate of appealability should be denied.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Petitioner's Petition for Permission to Appeal Denial of Habeas Corpus (Dkt. 26) and Motion to Stay and Abey Petition for Permission for Certificate of Appealability (Dkt. 28) are **DENIED**. The issuance of a Certificate of Appealability is **DENIED**.

DATED this 2nd day of December, 2008.

_____
ROBERT J. BRYAN
United States District Judge

ORDER - 5